UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:07CV-00044-JHM

LINDA WEBB                                                              PLAINTIFF

V.

THE WESTERN AND SOUTHERN
LIFE INSURANCE COMPANY                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on cross-motions for summary judgment by Plaintiff Linda Webb and Defendant The Western and Southern Life Insurance Company ("Western-Southern") pursuant to Fed. R. Civ. P. 56. Plaintiff has failed to file a Response. The case now stands submitted. For the reasons that follow, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

This case concerns the proceeds of Gregory Webb's life insurance policy. In 1993, Mr. Webb, who was then being treated for substance abuse problems and paranoid schizophrenia, applied for life insurance with Western-Southern. He was issued a policy on December 17, 1993, in the amount of $50,000.00, with his mother, Wilma J. Adams Chambers, designated as the primary beneficiary, and his brother, Bruce W. Jackson, designated as the contingent beneficiary.

1

On February 15, 2005, Mr. Webb began living with the Plaintiff; they were married a few weeks later on March 19, 2005. Mr. Webb subsequently changed his life insurance beneficiary designation three times: on March 29, 2005, he selected his son, Anthony Copley, as the primary beneficiary; on June 1, 2005, he selected the Plaintiff as the primary beneficiary; and, on August 31, 2005, he selected his brother, Bobby Chapple, Jr., as the primary beneficiary. Plaintiff was incarcerated on April 17, 2005, and she remained in jail until February 13, 2006, when she was transferred to a halfway house in Owensboro, Kentucky. Mr. Webb died of a drug overdose on December 30, 2005.

On January 19, 2006, Mr. Webb's brother, Bobby Chapple, and Mr. Webb's mother, Wilma Adams, both signed Claimant Statements that identified Bobby Chapple as the beneficiary of the policy. Simultaneously, Plaintiff sent a letter to Western-Southern requesting a copy of the policy and expressing her concern that the policy might have been fraudulently altered (such that she was no longer the beneficiary) by Mr. Webb's family. On January 27, 2006, Western-Southern informed Plaintiff by letter that it could not provide her with a copy of the policy because she was neither the owner nor the designated beneficiary of the policy.

On April 20, 2006, Western-Southern wrote Bobby Chapple to inform him that his claim had been approved. On April 24, 2006, it paid him $42,664.00, and the remaining $7,336.00 was paid to Oldham, Roberts and Powell Funeral Home pursuant to an Assignment signed by Bobby Chapple. Plaintiff filed this lawsuit on March 22, 2007, claiming that she is the rightful beneficiary of Mr. Webb's policy with Western-Southern

and seeking the policy benefit of $50,000.00 plus an additional $150,000.00 in punitive damages.

## II. STANDARD OF REVIEW

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

*Plaintiff's Motion for Summary Judgment*

In Plaintiff's motion for summary judgement, she contends that she is entitled to the proceeds of the policy as the current spouse and next of kin, or as a third-party beneficiary to the contract, on the theory that Mr. Webb was incompetent or unduly influenced when he changed his beneficiary designation on August 31, 2005.

As the moving party, the Plaintiff must show the absence of a genuine issue of material fact with respect to her claims. She has not done so. She offers nothing but conclusory allegations that Mr. Webb was incompetent and/or unduly influenced at the time the beneficiary designation was changed. The only evidence in the record with respect to Mr. Webb's mental condition at or near the time he changed his beneficiary is a psychosocial assessment record from Bluegrass Regional Mental Health dated December 22, 2005. Although it shows him as distractible, unreliable, anxious and having marginal judgment, it also assesses him as orientated to person, place and time, with average range of intelligence, clear speech and thought with no evidence of perceptual disturbance or psychotic symptoms. Even if Mr. Webb's illness occasionally rendered him incompetent; there is no evidence that he was incompetent at the time he changed his beneficiary designation on August 31, 2005. Bye v. Mattingly, 975 S.W.2d 451 (Ky. 1998) (explaining that pursuant to the "lucid interval" doctrine Kentucky law rebuttably-presumes that individuals with mental illnesses which "ebb and flow" make legal

4

decisions during periods of competency).

It should also be noted that the cases Plaintiff cites in support of her claim are non-binding and unpersuasive. The first, "Porter v. Porter," is irrelevant because it is offered without citation; the second, Hillman v. Russell, 2008 WL 1453633 (W.D. Mich. April 10, 2008), is inapposite because it involved a constructive trust governed by the Employee Retirement Income Security Act of 1974; and the third, Anthem Life Ins. Co. v. Olguin, 2008 WL 1366103 (E.D. Cal. April 9, 2008), does not apply because the court in that case simply ruled on the payment of proceeds to a minor after the parties had reached a settlement agreement.

Having failed to carry her burden, the Plaintiff's motion for summary judgment in her favor is denied.

*Defendant's Motion for Summary Judgment*

In her complaint, the Plaintiff alleges that she put Western-Southern on notice that the insurance policy had been altered by Mr Webb's relatives, presumably by forging his name to a beneficiary designation form. Despite such notice, Plaintiff alleges that Western-Southern failed and refused to do an investigation into her charge that the policy had been altered. She claims that she had a marital and vested interest in the policy and she was never notified of the change in the beneficiary designation. Finally, she alleges that her husband was very sick and may have been disabled to sign the necessary documents to change the beneficiary designation.

Defendant contends that it is entitled to summary judgment because Plaintiff has

5

failed to present any evidence of incompetence or undue influence and because Western-Southern had no duty to investigate Plaintiff's claim or inform her that the beneficiary designation had been changed.  The Court, applying Kentucky law, addresses these arguments in turn. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 326 (6th Cir. 2000).

Plaintiff's assertions that she had a marital or vested interest in the policy are without merit. Generally-speaking, an "insured has exclusive authority to designate whomever he chooses as beneficiary and to change his designation without limitation during his lifetime" and a "court of equity will not set aside, cancel or rescind a contract until some substantial reason is shown why such relief should be granted." Hughes v. Scholl, 900 S.W.2d 606, 607 (Ky. 1995); Norton v. Norton, 294 S.W. 191, 192 (Ky. 1927) (quotation omitted).  It is well-settled that "where by the terms of the policy the right is reserved . . . to change the beneficiary at will, then the original beneficiary acquires only a defeasible vested interest in the policy, a mere expectancy, until after the death of the insured." Boldrick v. Price, 2008 WL 4683023, *2 (Ky. Ct. App. Oct. 24, 2008) (quotation omitted).  Furthermore, nothing in the policy obligates the Defendant to give Plaintiff notice of a beneficiary change.

However, as with provisions of other contracts, the change of a beneficiary designation on an insurance contract can be voided by undue influence or lack of capacity, in which case the original beneficiary is entitled to the insurance money as against the new beneficiary. Daugherty v. Daugherty, 154 S.W. 9 (Ky. 1913).  Although

6

the law would allow such a result, there must be proof to support such a claim. As noted earlier in this opinion, Plaintiff has failed to offer any evidentiary support for her allegations that Mr. Webb was unduly influenced or lacked capacity when he designated his brother as the primary beneficiary on August 31, 2005.

Plaintiff next argues that Western-Southern failed to properly investigate the allegations that the policy had been altered. Kentucky law discharges an insurer from all claims upon payment in accordance with the terms of policy unless the insurer receives written notice that someone else claims to be entitled to the proceeds. KRS 304.14-260. Plaintiff's letter of January 19, 2006, is sufficient notice to Western-Southern that someone else is claiming entitlement to the insurance proceeds. Thus, payment in accordance with the terms of the contract does not serve to discharge the Defendant from Plaintiff's claims herein.

Under insurance law, there is an accepted premise that "'the insurer is not under any duty to determine whether the change of beneficiary was procured or induced by improper means where it has no reason to believe or know that such was the case.'" Fortis Benefits Insurance Co. v. Pinkley, 926 So.2d 981, 984 (Ala. 2005) (quoting 5 George J. Couch et al., Couch on Insurance § 28:97 (Rev. 2d ed. 1984)). Therefore, an initial question here is whether Western-Southern had any reason to believe that the change of beneficiary was procured by improper means. If so, it had a duty to investigate the matter to determine is that was the case.

In the year prior to his death, Western-Southern received three requests to change

7

the beneficiary designation on the policy. On January 19, 2006, Western-Southern received the Plaintiff's letter wherein she stated her belief that the policy had been altered by Mr. Webb's family. In the letter, she stated that Mr. Webb had expressed distrust of his relatives. She mentioned that during her temporary absence, her husband's illness became more pronounced. Although Plaintiff's letter was lacking specific detail, the Court finds that the combination of her letter along with the frequency of beneficiary changes in the last year of Mr. Webb's life, provides sufficient reason to investigate Plaintiff's claims.

Plaintiff has alleged that the Defendant failed and refused to conduct any investigation. In support of its motion for summary judgment, the Defendant simply argued that it had no duty to investigate. Thus, the Court will assume that no investigation was conducted.

In order to prove her case against the Defendant, the Plaintiff must not only show that the Defendant had a duty to investigate, but she must also show that the failure to conduct an investigation caused her damages. In other words, by paying the proceeds to Bobby Chapple in the face of Plaintiff's competing claim, Western-Southern assumes the risk that its decision was the correct one. Plaintiff must prove that Western-Southern's decision to pay the proceeds to Bobby Chapple was not correct. In order to do so, she must prove that Mr. Webb's signature on the beneficiary form was a forgery. If she cannot show it was a forgery, she cannot prove that the Defendant's failure to conduct an investigation caused her any harm.

The Defendant has produced three forms signed by Mr. Webb. All of the signatures look similar. At this stage of the litigation, Plaintiff needs to produce some evidence to support her allegations and she has none. Therefore, while the Court finds the insurance company failed to conduct an investigation, there is an absence of proof that such failure caused the Plaintiff's damages. Summary judgment in favor of the Defendant is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** and Plaintiff's motion for summary judgment is **DENIED**. The Plaintiff's claims are hereby **DISMISSED** with prejudice.

cc. Counsel of Record